Brooke Weitzman, SBN 301037
Andrea Smith, SBN 294163
Elder Law and Disability Rights Center
1535 E. 17th St., Ste. 110
Santa Ana, CA 92705
e. bweitzman@eldrcenter.org
e. asmith@eldrcenter.org
*Additional counsel listed on next page*

Attorneys for Plaintiff,
Kenneth Fisher

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FISHER, <br><br>         Plaintiff, <br><br> vs. <br><br> DAVID M. SINGER, in his official capacity as U.S. Marshal for the Central District of California, <br> MICHAEL CARVAJAL, in his official capacity as Director of Federal Bureau of Prisons, <br> MICHAEL SMITH, in his official capacity as Assistant Director of the Health Services Division, and <br> DON BARNES, in his official capacity as Orange County Sheriff <br><br>         Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **42 U.S.C. § 1983: EIGHTH AND FOURTEENTH AMENDMENTS** |

Paul Hoffman, SBN 71244
University of California, Irvine
School of Law
Civil Rights Litigation Clinic
401 E. Peltason Drive, Ste. 1000
Irvine, CA 92697
(310) 717-7373
e. hoffpaul@aol.com

John C. Washington, SBN 315991
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
200 Pier Ave. #226
Hermosa Beach, CA 90254
(310) 396-0731
e. jwashington@sshhlaw.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.    This action arises out of deliberate indifference to Plaintiff Kenneth Fisher's serious medical need for cataract surgery without further delay. During all times relevant to his cataract diagnosis and attempts at surgery, Mr. Fisher has been in federal custody. In 2015, Mr. Fisher was told a traumatic eye injury occurring years prior had developed into a cataract that required surgery. For years Mr. Fisher has regularly experienced blurred vision, headaches, light sensitivity, and pain due to the cataract. He continues to suffer from these symptoms. While in federal custody, Mr. Fisher has been transferred to various institutions multiple times in the past few years. These transfers have contributed to his inability to obtain the surgery. Despite multiple surgical referrals, prison officials have continuously refused to approve this necessary surgery. Mr. Fisher's most recent scheduled appointment was in November 2020, which was cancelled hours before it was to occur and subsequent requests to reschedule the surgery have all been denied or ignored.

## JURISDICTION AND VENUE

2.    This is an action for injunctive relief and a declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, and Rule 57 of the Federal Rules of Civil Procedure

3.     This action arises under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 with respect to Defendant Barnes. This court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

4.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District of California; and (2) the Defendants in this action are officers of agencies of the United States who

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

are situated in or oversee and manage the facilities where a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in the Central District.

//

## PARTIES

5.    Plaintiff Kenneth Fisher brings this action individually. Mr. Fisher is an inmate in the custody and control of the Federal Bureau of Prisons ("BOP") and the U.S. Marshals Service ("USMS") Mr. Fisher is currently housed in the Santa Ana Jail under the supervision and custody of Defendants BOP and U.S. Marshals, and the Orange County Sheriff's Department. In 2016, under state custody, Mr. Fisher was informed by an eye doctor in Terre Haute, Indiana that a cataract in his eye would require eye surgery. In the last six years he has been transferred seven times and has been in six different institutional facilities. Mr. Fisher has sought treatment for his cataract at each of these six locations, with the most recent being in Santa Ana Jail, where he has been housed since August 21, 2019. Mr. Fisher has experienced worsening vision and pain in his eye since 2015.

6.    Defendant David M. Singer is the U.S. Marshal for the Central District of California. The United States Marshals Service ("USMS") is an agent of the U.S. government. USMS assumes custody of individuals arrested by all federal agencies and is responsible for the living needs and transportation of prisoners from their detention.

7.    Defendant Michael Carvajal is the Director of the Federal Bureau of Prisons (BOP) and oversees the operation of BOP facilities and offices, including several federal detention facilities Plaintiff has been under the custody and care of since 2015. Defendant Carvajal has oversight and management responsibility of nearly 151,000 inmates. The BOP is an agency of the United States Department of Justice (DOJ). The BOP oversees the custody and care of sentenced federal

inmates, and pretrial detainees and pre-sentenced offenders housed in BOP facilities on behalf of USMS.

8.     Defendant Don Barnes is the Orange County Sherriff. He is sued in his official capacity. Sheriff Barnes currently has immediate custody over Plaintiff. Sheriff Barnes is responsible for those in the Santa Ana Jail (also known as the Orange County Central Men's/Women's Jail) located at 550 North Flower Street, Santa Ana, CA.

## FACTUAL ALLEGATIONS

9.     In 2001, Mr. Fisher suffered traumatic damage to his left eye. By 2015, cataracts developed in the injured eye, and since then Mr. Fisher has suffered from blurred vision, headaches, light sensitivity, eye swelling, and has walked into objects because of his deteriorating vision. Mr. Fisher is also unable to read and experiences regular vision blurriness, headaches, and a sharp pain in his eye.  As assessed by Dr. Lin, as Mr. Fisher's "cataract become more dense and opacified, doctors will lose the ability to monitor for any problems or damage to the retina and optic nerve, both of which could result in permanent damage," and an inability to adequately treat or monitor his eye disease.  "The last optometric exam from over a year ago noted that the view of the fundus was hazy, and this view will only get worse with time," which was also established by Dr. Lin's review of his medical records.

10.     After experiencing the mounting symptoms of eye swelling, regular headaches due to light sensitivity, and sharp pain in the affected eye, Mr. Fisher alerted jail officials that the pain killers were not providing adequate relief. Mr. Fisher's eye was first prescribed cataract surgery on 6 October 2016, at which time Mr. Fisher was housed at The United States Penitentiary ("USP"), Terra Haute in Indiana.  On 18 October 2016, USP physician William Wilson described his vision as on a "serious decline" and informed Mr. Fisher that she could

prescribe him a monocle until the surgery, which he didn't accept because he believed the surgery would be scheduled very soon. Mr. Fisher had the necessary tests completed prior to the anticipated surgery, had a conversation about the procedure he would need, and confirmed he would be comfortable with moving forward with the cataract surgery. The USP physician also confirmed Fisher had an immediate need for eyeglasses, and his prescription was likely to change following the surgery. For this reason, he never received these glasses. Before Mr. Fisher could undergo eye surgery at USP, Terre Haute, he was transferred to a federal facility in Oakdale, Louisiana in 2017. The Oakdale facility required Mr. Fisher to restart the medical clearance process, and in May 2017, prison physician Roger Cox recommended Mr. Fisher see an ophthalmologist to schedule the surgery. Mr. Fisher was informed by prison personnel that a clerical error prevented him from receiving surgery so before he could obtain treatment, he was transferred to a federal holding facility in Fort Leavenworth, Kansas for fourteen months. During this time, Mr. Fisher was allegedly denied eye surgery because he was on a writ and "didn't belong to them (the U.S. Marshals). He was transferred back to the Oakdale facility in November 2018. The Honorable Judge Crabtree verbally instructed the U.S. Marshals to address Mr. Fisher's eye during a court appearance toward the end of 2018, but the U.S. Marshals never did so.

11. After he was moved back to Oakdale, prison officials there informed Mr. Fisher he would have to "start all over again" with the medical clearance process for surgery. Before he could so, Mr. Fisher was transferred to the Metropolitan Detention Center in Los Angeles ("MDC-LA"). On January 24, 2019, Mr. Fisher arrived at MDC-LA, where he was seen by Dr. Toh, at an inmate examination. Dr. Toh noted that a medical request for Ophthalmology treatment was carried over from BOP Oakdale, Louisiana. Mr. Fisher filed new paperwork at

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

MDC-LA to obtain his cataract surgery, including his cataract.  The next week, Mr. Fisher was moved to the Santa Ana Jail.

12.    In August 2019, Mr. Fisher arrived at the Santa Ana Jail. where he consistently requested the prescription glasses and the long overdue cataract surgery. Mr. Fisher was told by the U.S. Marshals that he had to visit their approved eye doctor, but after realizing his eye treatment was not being addressed, he filed two more grievances on October 11 and October 25, 2019. He saw a doctor in February 2020 and was once again prescribed cataract surgery and transition lenses. The surgery was still not forthcoming.

13.    After Mr. Fisher's criminal defense attorney intervened and requested that USMS schedule and approve Mr. Fisher's eye surgery, USMS and the Orange County Jail scheduled an appointment for Mr. Fisher to undergo eye surgery on November 30, 2020. However, when the date came, he was not taken to the surgery.

14.    On January 9, 2021, USMS informed the Elder Law and Disability Rights Center that Mr. Fisher was never scheduled for surgery. This directly contradicts USMS's previous statements from November 10, 2020, during which time USMS informed the Elder Law and Disability Rights Center that Mr. Fisher's eye procedure was, in fact, scheduled for November 30, 2020. Furthermore, on November 30, 2020, Mr. Fisher was informed about undergoing cataract surgery, was "brought downstairs to wait in the holding cell," and three hours after his scheduled appointment, was informed the treatment was cancelled.

15.    Since November 30, 2020, USMS and Santa Ana Jail have repeatedly refused to reschedule Mr. Fisher's cancelled cataract surgery appointment and have provided no information as to why his surgery was cancelled. USMS and Santa Ana Jail have subsequently required Mr. Fisher to undergo the approval process yet again to receive the cataract surgery. On

5
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

January 8, 2021, the USMS was informed by Santa Ana Jail that Mr. Fisher was seen by Dr. Mayo on January 6, 2021, who stated that Mr. Fisher would need to be seen by a general ophthalmologist or cornea specialist. After this guidance, the USMS stated that "as of right now we are currently looking for a cornea specialist that would be willing to see him for the surgery." On January 22, 2021, Mr. Fisher stated he had a consultation with a new eye doctor, Dr. Powell, who informed him that the U.S. Marshals would not pay for lens which would provide him with 20/20 vision. Mr. Fisher has been at Santa Ana Jail for over a year and both the facility and USMS have been aware of his need for surgery since his arrival, as well as the pain, aversion to light, and deteriorating vision he has been experiencing because of his cataract.  Mr. Fisher has filed numerous inmate grievance forms and inmate request forms outlining his symptoms, as well as requesting medical care and his prescribed treatment. All of these grievances have been denied or ignored.  He has exhausted all available administrative remedies. Mr. Fisher continues to receive conflicting responses regarding his eligibility and expected timeline for cataract surgery.

16.     Mr. Fisher will be in federal custody for the foreseeable future. He is serving a sentence that will not end until May 2023 and is expected to receive additional sentencing this year. Without this Court's intervention it appears Mr. Fisher will be unable to obtain the surgery he desperately needs.

### EXHAUSITION OF ADMINISTRATIVE REMEDIES

17.     Since first learning of the need for surgery in July 2016, Mr. Fisher transferred facilities across several states seven times.

6
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

18.    Mr. Fisher initiated administrative approval for medical treatment during these placements but was either transferred before he received approval or was unable to complete the procedure due to issues such as "clerical errors" on behalf of the facility.

19.    When Mr. Fisher was transferred from BOP Oakdale Louisiana to MDC-LA in January 2019, a Physician conducting Mr. Fisher's medical intake confirmed a carry-over medical request which detailed a need for an ophthalmology cataract eye specialist consultation. After months of waiting for the U.S. Marshals to address the request, Mr. Fisher filed an Administrative Remedy Request on the appropriate form (BP-9) for an eye consultation in May 2019, but the appointment was never scheduled.

20.    Mr. Fisher was instead transferred to Santa Ana Jail in August 2019. After realizing his eye treatment was again not being addressed, he filed two more grievances with the Jail on the 11th and 25th October 2019 to meet with an eye specialist. He was approved for surgery but did not have a preliminary appointment scheduled until February 2020. During the appointment, the eye doctor affirmed Fisher needed the cataract surgery.

21.    Subsequently, Mr. Fisher filed multiple inmate grievance forms, including on May 29, 2020 requesting medical care, stating "my eyes are killing me," on May 18, 2020, on March 25, 2020, and on March 9, 2020. Mr. Fisher also filed inmate request forms to receive the prescribed treatment for his eyes, including on February 28, 2020, which was denied. Mr. Fisher's surgery was not scheduled until his criminal defense attorney intervened and demanded the USMS approve his surgery, which they eventually did. The surgery was scheduled for 30 November 2020.

22.    On that day, Mr. Fisher was put on a special pre-surgery diet, taken to a holding cell, and briefed on surgical details, until the USMS informed him the surgery was cancelled.

7

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Both the USMS and the Santa Ana Jail failed to book another surgery appointment and refuse to do so moving forward due to another possible transfer.

## FIRST CLAIM FOR RELIEF

### Eighth Amendment to the U.S. Constitution

### (ALL DEFENDANTS)

23.    Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint.

24.    Defendants have an obligation to provide medical care for Plaintiff.

25.    As alleged herein and above, Defendants' conduct violated Plaintiff's right to be free of cruel and unusual punishment, and to receive adequate medical care to prevent unnecessary pain and suffering under the Eighth Amendment of the United States Constitution. Defendants repeatedly denied Plaintiff, an inmate at the Santa Ana Jail in the custody of the federal government, a medically necessary surgery that would relieve him of a serious medical condition that affects his vision and causes him significant discomfort and pain. Defendants have known of Plaintiff's need for medical treatment for six years. There is a significant amount of documentation of the condition by Defendants, provided to them by internal and external physicians, the effects of the condition provided to Defendants by Plaintiff and physicians, and multiple medical diagnoses recommending surgery.  Defendants' awareness of this diagnosis led them to schedule the surgery for November 30, 2020, which was cancelled the morning of.

26.    No effort has been made to reschedule the required procedure despite many requests to do so by Plaintiff, who continues to suffer the negative symptoms of the condition.

8

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

27.    Defendants have acted with deliberate indifference to the serious medical needs of Plaintiff, which has resulted in substantial and ongoing pain and suffering.

28. Given the facts described in the preceding paragraphs, a substantial case and controversy exists of sufficient immediacy to warrant the issuance of a declaratory judgment.  Plaintiff has suffered a significant injury because of the unlawful conduct complained of herein which may be addressed by a favorable decision.

29.   Plaintiff seeks injunctive relief to ensure the needed cataract surgery is provided.

## SECOND CLAIM FOR RELIEF

### Eighth and Fourteenth Amendments of the U.S. Constitution (42 U.S.C. § 1983)

### (DON BARNES, ORANGE COUNTY SHERIFF)

30.    Plaintiff realleges and incorporates herein by reference the preceding and any subsequent paragraphs of this Complaint..

31.    Defendant has an obligation to provide medical care for Plaintiff.

32.    Defendant failed to provide medical care despite repeated requests for ophthalmic evaluations and cataracts surgery, displaying a complete and deliberate indifference to Plaintiff's serious medical needs. Defendant's shuffling of responsibility and custody of Plaintiff is no excuse for the delayed treatment.

33.    The scheduling of the November 2020 surgery shows Defendant's recognition of Plaintiff's serious medical need. Without a reasonable or medically-related explanation for the cancellation of that surgery, Defendant's lack of rescheduling and skirting of accountability shows a continuation of his deliberate indifference and failure to provide medical care to Plaintiff.

9
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

34. Given the facts described in the preceding paragraphs, a substantial case and controversy exists of sufficient immediacy to warrant the issuance of a declaratory judgment.  Plaintiff has suffered a significant injury because of the unlawful conduct complained of herein which may be addressed by a favorable decision.

35.  Plaintiff seeks injunctive relief to ensure the needed cataract surgery is provided.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgement against Defendants as follows:

1.    A declaratory judgment that Defendants' conduct violates Plaintiff's right to medical treatment;

2.    A preliminary and permanent injunction ordering Defendants to address Plaintiff's medical needs and schedule a cataract surgery;

3.    A preliminary and permanent injunction requesting the delay in transfer until Plaintiff receives the cataract surgery; and

4.    For such other relief as the Court deems just and proper.

Dated: April  14, 2021                              By_____

Brooke Weitzman
Andrea Smith
Elder Law and Disability
Rights Center
1535 E. 17th St., Ste. 110
Santa Ana, CA 92705

Paul Hoffman
University of California,
Irvine School of Law
Civil Rights Litigation Clinic
401 E. Peltason Drive
Suite 1000
Irvine, CA 92697

10
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

John Washington
SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP
200 Pier Avenue, #226
Hermosa Beach, CA 90254
310-396-0731
jwashington@sshhzlaw.com

*Attorneys for Plaintiff Kenneth Fisher*